**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELISSA VELASQUEZ, on behalf of herself, all others similarly situated, and the general public,

Plaintiff - Appellee,

v.

LUXOTTICA OF AMERICA INC., an Ohio corporation,

Defendant - Appellant

No. 25-1258

D.C. No.
2:25-cv-00074-MCS-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted July 6, 2026
Pasadena, California

Before: RAWLINSON, SANCHEZ, and TUNG, Circuit Judges.

Defendant-Appellant Luxottica of America Inc. (Luxottica) appeals the

district court's order granting the motion to remand filed by Plaintiff-Appellee

Melissa Velasquez (Velasquez).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Velasquez filed a class action complaint in state court alleging unfair competition and false advertising by Luxottica. Velasquez sought only public injunctive relief and restitution. Luxottica removed the action to federal court, asserting jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Velasquez subsequently filed a motion to remand the case to state court. The district court agreed with Velasquez that she lacked standing due to her failure to allege an actual or imminent threat of future injury. Rather, Velasquez sought public injunctive relief, which the court could not award under the claim as pled. The district court also agreed that it lacked equitable jurisdiction to award restitution, because Velasquez did not allege that she lacked an adequate remedy at law. Because it could not provide the relief requested by Velasquez, the district court granted Velasquez's motion to remand to state court.

At the time of its ruling, the district court did not have the benefit of our recent decision in *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907 (9th Cir. 2025), *cert. denied*, 224 L.Ed.2d 528 (Apr. 27, 2026). In *Ruiz*, we held that "district courts are empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law objection." *Id.* at 909. Therefore, we remand for the district court to follow *Ruiz*, and provide Luxottica an opportunity "to waive the adequate-remedy-at-law objection." *Id.* at 909, 918.

**VACATED and REMANDED.**